**G. George BERTRAM, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2006–SC–000044–KB.

Supreme Court of Kentucky.

Dec. 21, 2006.

G. George Bertram, Monticello, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Bonnie C. Kittinger, Director, Kentucky Office of Bar Admissions, Lexington, Counsel for Respondent.

## OPINION AND ORDER

This matter comes before the Court on an application for reinstatement filed by G. George Bertram. Mr. Bertram was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1985. His KBA member number is 81224, and his bar roster address is P.O. Box 1671, Monticello, Kentucky 42633. Mr. Bertram was suspended for non-compliance with continuing legal education requirements on December 18, 2001. On March 14, 2002, he was temporarily suspended from the practice of law in the Commonwealth of Kentucky due to his conviction of drug-related crimes in the Russell Circuit Court.

Leading to his temporary suspension, the Inquiry Commission charged Bertram with a violation of SCR 3.130–8.3(b) in three separate charges, which were consolidated on October 22, 2003. That rule provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." The specific charges were as follows:

1) KBA File No. 8616, which was filed on April 24, 2003, was based on the March 13, 2002, Russell Circuit Court conviction for DUI and possession of a controlled substance while in possession of a firearm, the latter being a Class D Felony.

2) KBA File No. 9590, filed on April 29, 2003, was based on Mr. Bertram's guilty plea on July 2, 2002, in Wayne Circuit Court, to another charge of possession of a controlled substance, a felony.

3) KBA File No. 8978, filed on August 19, 2003, was based on Mr. Bertram's appearance in the McCreary Circuit Court representing a client while under the influence of drugs. Mr. Bertram had illegally used drugs, including Oxycontin after his physician had

terminated his prescription for the medication.

On February 10, 2004, Mr. Bertram was suspended from the practice of law for five (5) years or until such time as his criminal probation period expired, whichever event occurred first, with the suspension to be retroactive to March 14, 2002, the date of his temporary suspension. The order of suspension stated that he must serve a minimum of three (3) years suspension. On March 15, 2005, an order terminating Mr. Bertram's criminal probation was entered.

On January 12, 2006, Mr. Bertram applied for reinstatement of his license to practice law. A hearing was held on August 30, 2006, before the Character and Fitness Committee. The Character and Fitness Committee filed its findings of fact, conclusions of law, and recommendation on September 8, 2006. The Committee found as follows:

1) G. George Bertram served the suspension period ordered by the Kentucky Supreme Court and has not practiced law since the date of his suspension order. He has complied with every term of the order of suspension.

2) Mr. Bertram's conduct during the suspension has been above reproach.

3) Individuals who were interviewed by the Committee's investigators, including members of the KBA, and individuals in the business community of Monticello, Kentucky, as well as former clients and friends of Mr. Bertram, praised Mr. Bertram's intellect and legal skills. Based on the evidence reviewed and summarized, the Committee found Mr. Bertram proved by clear and convincing evidence that he is worthy of the trust and confidence of the public.

4) Mr. Bertram, having complied with the KBA's continuing legal education requirements, and having been praised by various members of the KBA for his intellect and legal skills, possesses sufficient professional capabilities to serve the public as a lawyer.

5) Based on the evidence reviewed and summarized above, the Committee found that Mr. Bertram presented clear and convincing evidence that he presently exhibits good moral character.

6) Mr. Bertram presented clear and convincing evidence that he appreciates the wrongfulness of his prior misconduct and that he manifests contrition for the misconduct.

7) The Committee found that conditional readmission would best serve Mr. Bertram and the legal profession by requiring the continuation of support programs that have been effective to date.

The Committee recommended that the application of G. George Bertram for reinstatement be approved for a two (2) year conditional admission, conditioned on his continued participation in KYLAP, under the terms of the supervision agreement he executed on August 18, 2006.

The Board of Governors at its regular meeting held on September 15, 2006, considered the entire record, including the matters leading up to Mr. Bertram's suspension from the practice of law; the subsequent events; the findings of the Character and Fitness Committee; the position of Bar Counsel; and the many statements submitted from individuals interviewed by the independent investigator.

The Board considered the standards of reinstatement as set out by this Court, and the requirements of SCR 2.300, and determined that Mr. Bertram fully met all of

the standards. The Board further determined that Mr. Bertram has completed all of the administrative steps necessary to be considered for reinstatement and has satisfied all of the administrative requirements. Mr. Bertram has completed the CLE requirements for the year ending June 30, 2007. The Board determined that Mr. Bertram's conduct since his suspension has demonstrated the appropriate degree of rehabilitation necessary to support his reinstatement and that he has accepted full responsibility for his actions that led to his suspension. The Board unanimously voted to approve the application for reinstatement to the KBA pursuant to SCR 3.510 on a conditional admission with the conditions set out in his supervision agreement, with monitoring by KYLAP for a two-year probationary period.

Having considered the record as a whole, and the recommendations of both the Character and Fitness Committee and the Board of Governors, the application for readmission is hereby GRANTED. Therefore it is ORDERED that:

1. The application for reinstatement of G. George Bertram is hereby approved, subject to a two (2) year conditional admission pursuant to SCR 3.510.

2. Mr. Bertram shall fully comply with the terms of the supervision agreement, Including continued monitoring by KYLAP for a two (2) year probationary period.

3. In accordance with 3.510(1), Mr. Bertram is directed to pay all costs associated with these proceedings in the amount of $1,011.35, for which execution may issue from this Court upon finality of this Order.

LAMBERT, C.J., and GRAVES, McANULTY, MINTON, NOBLE, SCOTT, and WINTERSHEIMER, JJ., concur.

ENTERED: December 21, 2006.

/s/ Joseph E. Lambert
Chief Justice